# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION No. 19-10775 |
| v. | JURY DEMAND |
| TAMCO PROFESSIONAL COATINGS, INC. DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Filemon Saldana ("Mr. Saldana"). As alleged with greater particularity below, the Defendant, Tamco Professional Coatings, Inc. ("Tamco"), terminated Mr. Saldana because of disability.

### JURISDICTION & VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Tamco has continuously been a Louisiana corporation doing business in Houma, Louisiana, and has continuously had at least 15 employees.

5.     At all relevant times, Tamco has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C.§ 12111(5) and (7).

6.     At all relevant times, Tamco has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.     More than 30 days prior to the institution of this action, Mr. Saldana filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA by Tamco.

8.     On or about November 19, 2018, the Commission issued to Tamco a Letter of Determination ("LOD") finding reasonable cause to believe that Tamco violated the ADA and inviting Tamco to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Tamco to provide Tamco the opportunity to remedy the discriminatory practices described in the LOD.

2

10.     On or about April 8, 2019, the Commission issued to Tamco a Notice of Failure of Conciliation advising Tamco that the Commission was unable to secure from Tamco a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this action have been fulfilled.

STATEMENT OF CLAIMS

12.     Since at least February, 1, 2017, Tamco has engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112(a) and (b).

13.     Mr. Saldana is a qualified individual with a disability under the ADA, 42 U.S.C. § 12102 and § 12111(8).

A.     Mr. Saldana has an impairment, hearing loss, that substantially limits one or more major life activities, including but not limited to hearing and/or the operation of the functions of the ears, which are special sense organs.

B.     Tamco subjected Mr. Saldana to an adverse employment action, termination, because of his actual or perceived impairment, hearing loss.

C.     Mr. Saldana was at all relevant times able to perform the essential functions of his position with or without any reasonable accommodation.

14.     Tamco subjected Mr. Saldana to an adverse employment action, termination, on the basis of disability.

A.     Tamco employed Mr. Saldana beginning in about 2008 and ending in about 2014 as a laborer and/or foreperson.

B.     Tamco subsequently employed Mr. Saldana beginning on or about October 14, 2016, as a foreperson.

C.     As a foreperson, Mr. Saldana worked with and supervised laborers performing painting, sandblasting, and coating tasks.

3

D.      Mr. Saldana was diagnosed with hearing loss on or about March 20, 2017.

E.      Mr. Saldana and his wife, Hortencia Saldana ("Mrs. Saldana"), told Tamara McClanahan ("Ms. McClanahan") that Mr. Saldana had hearing loss.

F.      Mr. Saldana filed a workers' compensation claim on or about May 15, 2017.

G.      Mr. Saldana and Mrs. Saldana told Ms. McClanahan that Mr. Saldana had filed a workers' compensation claim.

H.      Ms. McClanahan told Mr. Saldana and Mrs. Saldana that Mr. Saldana should not have spoken with a lawyer about his hearing loss.

I.      Ms. McClanahan mentioned Tamco's workers' compensation insurance premiums to Mr. Saldana and Mrs. Saldana.

J.      Ms. McClanahan told Mr. Saldana and Mrs. Saldana that Tamco's workers' compensation insurance costs would increase because of Mr. Saldana's workers' compensation claim.

K.      Ms. McClanahan was concerned that Tamco's workers' compensation insurance costs would increase because of Mr. Saldana's workers' compensation claim.

L.      Tamco's workers' compensation insurance costs increased after Mr. Saldana's workers' compensation claim.

M.      Tamco's workers' compensation insurance costs increased because of Mr. Saldana's workers' compensation claim.

N.      Tamco's workers' compensation insurance provider notified Tamco that Mr. Saldana had filed a workers' compensation claim on or about July 26, 2017.

O.      Tamco terminated Mr. Saldana on or about on or about October 9, 2017.

P.    Ms. McClanahan told Mr. Saldana that Tamco was terminating him because he had failed to wear his personal protective equipment ("PPE") as required.

Q.    Ms. McClanahan owns Tamco.

R.    Ms. McClanahan had the authority to terminate Mr. Saldana.

S.    Tamco never gave Mr. Saldana any written warning for failing to wear PPE before it terminated him.

T.    Tamco never gave Mr. Saldana any oral warning for failing to wear PPE before it terminated him.

U.    Tamco never subjected Mr. Saldana to discipline for failing to wear PPE before it terminated him.

V.    Tamco had never terminated anyone for failing to wear PPE before it terminated Mr. Saldana.

W.    Tamco had never terminated anyone without providing a written or oral warning before it terminated Mr. Saldana.

X.    Tamco had a formal or informal progressive discipline process.

Y.    Tamco failed to follow its progressive discipline process with regard to Mr. Saldana.

Z.    Mr. Saldana's hearing loss did not affect his performance.

AA.    Mr. Saldana's performance was never less than satisfactory.

15.    The effect of Tamco's unlawful employment practices complained of above has been to deprive Mr. Saldana of equal employment opportunities and otherwise adversely affect his status as an employee because of disability in violation of the ADA.

16.    The unlawful employment practices complained of above were intentional.

5

17.     Tamco acted with malice and/or reckless indifference to the federally protected rights of Mr. Saldana when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Tamco its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B.     Order Tamco to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Tamco to make whole Mr. Saldana, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D.     Order Tamco to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

E.     Order Tamco to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

F.     Order Tamco to make whole Mr. Saldana by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

described above, including job-search and medical expenses, in amounts to be determined at trial.

G.      Order Tamco to make whole Mr. Saldana by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H.      Order Tamco to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**James L. Lee**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

/s/ Andrew B. Kingsley
**Andrew B. Kingsley (Lead)**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

8

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Tamara C. McClanahan
Tamco Professional Coatings, Inc.
303 Valh Blvd.
Houma, LA 70360